UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIVIAN MORRIS,

       Plaintiff,

v.                         CASE No. 8:18-cv-2422-T-TGW

ANDREW SAUL,
Commissioner of Social Security,[1]

       Defendant.
_____

## O R D E R

The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, I recommend that the decision be affirmed.

### I.

The plaintiff, who was fifty-two years old at the time of the administrative hearing and who has an eleventh-grade education (Tr. 139),

_____

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019, and should be substituted as the defendant.   See Fed. R. Civ. P. 25(d).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 19).

has worked as a cashier and housekeeper (Tr. 140).   She filed a claim for supplemental security income payments, alleging that she became disabled due to "COPD, diabetes, dieabetic [sic] neuropathy legs, obesity, arthritis in back [and] diverticulitis" (Tr. 296).   The claim was denied initially and upon reconsideration.

At her request, the plaintiff received a <u>de novo</u> hearing before an administrative law judge.   The law judge found that the plaintiff had severe impairments of obesity, chronic obstructive pulmonary disease, diabetes, neuropathy, and back impairments (Tr. 13).   Notably, he found that the plaintiff's diverticulitis was a non-severe impairment (Tr. 14).   He concluded that, with those impairments, the plaintiff was limited to light work with no climbing of ladders, ropes or scaffolds and only occasional balancing, stooping, kneeling, crouching, crawling and climbing of ramps and stairs, but must avoid concentrated exposure to irritants, such as fumes, odors, dust, and gases (Tr. 18).   The law judge determined that the plaintiff had no past relevant work (Tr. 21).   However, based upon the testimony of a vocational expert, the law judge found that jobs existed in significant numbers in the national economy that the plaintiff could perform, such as inspector, office helper, and packer (Tr. 22).

-2-

Consequently, the law judge decided on November 1, 2017, that the plaintiff was not disabled (id.).

The plaintiff sought review of that decision from the Appeals Council. With that request, the plaintiff submitted additional evidence, some of which pre-dated the law judge's decision, and some post-dated it (Tr. 2). The Appeals Council stated that "[w]e find this evidence does not show a reasonable probability that it would change the outcome of the decision" (id.). Thus, the Appeals Council denied review, so that the law judge's decision became the final decision of the Commissioner (Tr. 1).

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

-3-

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

-4-

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

A.   The plaintiff purports to assert two challenges to the administrative decision (Doc. 27, p. 2):

> (1) The Appeals Council's decision that the evidence submitted to it, subsequent to the Administrative Law Judge decision, does not show a reasonable probability that it would change the outcome of the Administrative Law Judge decision, was in error; (2) The Appeals Council's decision was in error in failing to find that evidence submitted to it, pertaining to the period of time after the Administrative Law Judge decision, was not material, and by failing to include language in the decision that if the claimant made a new application for benefits within 60 days from the date of the Appeals Council's decision, the date of the Request for Review would be considered a protective filing date for a new application for benefits.

The plaintiff also throws in, without specifying it, a constitutional challenge to a Social Security Ruling (id., p. 10).

These contentions fail at the outset because they do not comply with the Scheduling Order and Memorandum Requirements. That Order provides (Doc. 18, p. 2):

> The Plaintiff must identify with particularity the discrete grounds upon which the administrative decision is being challenged.... In addition, arguments within a properly articulated issue must relate directly to the particularized issues and shall not include unrelated contentions, observations, or comments. Moreover, any such discrete challenges must be supported by citations to the record of the pertinent facts and by citations of the governing legal standards. Any contention for which these requirements are not met will be deemed forfeited and not evaluated.

Notably, the plaintiff makes no challenge to the law judge's decision or his findings. Consequently, in light of the Scheduling Order and Memorandum Requirements, those findings are established. Significantly, with respect to the plaintiff's diverticulitis —which is the only impairment that the plaintiff discusses — the law judge found that it was a non-severe impairment and explained why (Tr. 14–16).

-6-

B.     Following the law judge's unfavorable decision, the plaintiff requested review from the Appeals Council and submitted additional evidence to it.   The plaintiff's first issue is based upon that submission.     The plaintiff argues that the Appeals Council erred in concluding that the additional evidence does not show a reasonable probability that it would change the outcome of the law judge's decision.

In support of this argument, the plaintiff cites Ingram v. Commissioner of Social Security, 496 F.3d 1253 (11th Cir. 2007).   Ingram holds that when the Appeals Council considers new evidence and denies review, the district court should determine whether the Appeals Council has correctly decided that the law judge's findings are not contrary to the weight of all the evidence.   See Tucker v. Astrue, 8:07-cv-621-T-TGW, 2008 WL 281170 (M.D. Fla. 2008).   Moreover, under the applicable regulations, review will be granted by the Appeals Council when it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision."   20 C.F.R. 416.1470(a)(5).

-7-

The plaintiff, therefore, has to overcome four hurdles in order to prevail on her Ingram claim.   Thus, she must show (1) that the evidence relates to the period on, or before, the date of the law judge's decision, (2) that the evidence is new, (3) that the evidence is material, and (4) that the Appeals Council erred in deciding that the law judge's findings were not contrary to the weight of all the evidence.

Evidence is considered new if it is not cumulative.   Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999).   Evidence is material if there is a reasonable possibility that the new evidence would change the administrative result. Id.

Most of the additional records were created before the law judge's November 1, 2017, decision (see Tr. 2).   That evidence obviously relates to the period before the law judge's decision.

A few of the pages are from after November 1, 2017, and up to December 28, 2017 (id.).   Those post-decision records, however, relate back to the period before the decision.   The plaintiff, as a result of her diverticulitis, underwent a Hartman's procedure with end colostomy and sigmoidectomy on September 25, 2017 (Tr. 29, 33).   Thus, the records of November 13, 2017, and December 28, 2017, comment on the plaintiff's

post-surgery conditions. Accordingly, they relate back to the period before November 1, 2017, since they address the plaintiff's surgery that occurred before that date.

However, the post-decision evidence does not meet the criterion that it be material, i.e., provide a reasonable possibility that it would change the administrative result. In all events, the additional evidence does not establish that the Appeals Council erred in concluding that the law judge's decision was not against the weight of the evidence.

As indicated, the plaintiff did not raise any contention that the law judge's finding that the plaintiff's diverticulitis was a non-severe impairment was wrong. Significantly, most of the additional evidence the plaintiff submitted was from the period before the law judge's decision. While some of the evidence had not previously been submitted to the law judge, the plaintiff makes no attempt to show that the pre-decision evidence contradicts the law judge's finding.

Further, the plaintiff does not make any meaningful argument that the post-decision evidence establishes that the law judge's finding is against the weight of the evidence. The November 13, 2017, report indicates that she had complications from her surgery and spent three

weeks in the hospital "but appears to be coping well" (Tr. 156).   The report of the December 28, 2017, follow-up visit stated the plaintiff was "doing well," adding that the plaintiff is "with no complaints at this time and feels fine otherwise" (Tr. 152).   Thus, the post-decision evidence seems to undermine the plaintiff's argument, but in all events, it is, at best, weak and sparse.   Consequently, the plaintiff fails to establish her argument that the additional evidence shows that the law judge's finding that the plaintiff's diverticulitis was a non-severe impairment is contrary to the weight of the evidence.

C.   The plaintiff's second issue is predicated upon Social Security Ruling 11-1p, 2011 WL 3962767.   As pertinent here, that Ruling provides (id. at *3) (footnote omitted):

> If you choose to pursue your disability claim that is pending at the Appeals Council, and you submit additional evidence, the Appeals Council will first determine whether the additional evidence relates to the period on or before the date of the hearing decision. When the additional evidence is new and material and relates to the period on or before the date of the hearing decision, the Appeals Council will consider it, together with the entire record. 20 CFR 404.970(b), 416.1470(b), and 405.373. The Appeals Council will review your case if it finds that the ALJ's action, findings, or conclusion is

contrary to the weight of the evidence currently
of record. Id.

. . .

When the additional evidence does not relate to
the period on or before the date of your hearing
decision, the Appeals Council will return the
additional evidence to you. 20 CFR 404.976(b),
416.1476(b). The notice returning the additional
evidence will explain why the Appeals Council
did not accept the evidence and inform you that,
under certain circumstances, we will consider the
date you filed the request for Appeals Council
review as the filing date for your new claim.

The plaintiff essentially argues that the Appeals Council

violated SSR 11-1p because it did not return the additional evidence to her,

did not explain why it did not accept the evidence, and did not advise her

that the date she requested Appeals Council review would be the filing date

for a new claim.   However, those directives apply only when the

additional evidence does not relate to the period on or before the law

judge's decision.  As previously explained, the additional evidence did

relate to the period on or before the law judge's decision.   Therefore, the

provisions of SSR 11-1p that the plaintiff seeks to rely upon simply do not

apply.

Rather, because the additional evidence did relate to the period on or before the law judge's decision, the Appeals Council, in accordance with SSR 11-1p, considered the evidence and determined that "this evidence does not show a reasonable probability that it would change the outcome of the decision" (Tr. 2). Thus, there was no violation of SSR 11-1p.

The plaintiff complains that the Appeals Council did not adequately explain its assessment of the additional evidence. This contention fails because, contrary to the Scheduling Order and Memorandum Requirements, there is no authority cited for this argument. On the other hand, the Commissioner cites ample authority holding that the Appeals Council is not required to provide any explanation in these circumstances (see Doc. 28, pp. 9–10). See Norton v. Commissioner of Social Security, 607 Fed. Appx. 913, 918 (11th Cir. 2015).

The plaintiff also makes the statement that "Social Security ruling 11-1p is unconstitutional because it deprives claimants of equal protection under the 14th Amendment to the United States Constitution" (Doc. 27, p. 10). This argument fails for several reasons.

First, the Scheduling Order and Memorandum Requirements directs the plaintiff to "identify with particularity the discrete grounds upon which the administrative decision is being challenged" (Doc. 18, p. 2). There is no mention in either of the plaintiff's articulated issues of a constitutional challenge.   Thus, any such contention is forfeited.

Further,   the   Scheduling   Order   and   Memorandum Requirements mandate any discrete challenges to be supported by citations of the governing legal standards.   The plaintiff does not provide any legal authority in connection with the purported constitutional challenge. Indeed, the plaintiff does not even attempt to explain how the Fourteenth Amendment, which applies to the states, bears on the action by the federal government in this case.

In all events, the contention is meritless, as explained by the Commissioner (Doc. 28, pp. 12–16) and in the decision of <u>Norton</u> v. <u>Berryhill</u>, Case No. 8:16-cv-2599-T-30AEP, 2019 WL 3254626 at **9–12 (M.D. Fla.), in which this argument was rejected.

It is, therefore, upon consideration,

ORDERED:

That the decision of the Commissioner of Social Security is **AFFIRMED**.   The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 21ˢᵗ day of November, 2019.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE